UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TEMPLE BAPTIST CHURCH OF DEQUINCY LOUISIANA** | **CASE NO. 2:21-CV-03137** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHURCH MUTUAL INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is an omnibus Motion in Limine [doc. 41] filed by defendant Church Mutual Insurance Company, seeking exclusion of various categories of evidence and testimony from the trial in this matter. Plaintiff opposes the motion. Doc. 49.

### I.
#### BACKGROUND

This suit arises from damage to plaintiff, a church located in DeQuincy, Louisiana, in Hurricanes Laura and Delta. At all relevant times the church was insured under a policy issued by Church Mutual. Plaintiff alleges that Church Mutual failed to timely or adequately compensate it for covered losses, and brought suit in this court raising claims of breach of insurance contract and bad faith. The matter is set for jury trial before the undersigned on September 18, 2023. Doc. 38.

Church Mutual now brings an omnibus motion in limine, seeking to exclude evidence, argument, or mention of the following:

1. Reserve amounts or changes in reserve amounts;

2. Arguments premised on the "Golden Rule" or the "Conscience of the Community" with respect to any damage issue;

3. Jury verdicts and awards rendered in other cases;

4. Mental anguish, loss of enjoyment, or inconvenience of plaintiff, its clergy and employees, or its members;

5. Post-suit tenders as evidence of "bad faith;"

6. Awarding punitive damages to punish Church Mutual; and

7. The financial condition, net worth, wealth, overall profits, income, or assets of Church Mutual.

Plaintiff opposes the motion though concedes that it has no intention of offering any evidence concerning Topics 3, 4, or 7. Doc. 49.

## II.
## LAW & APPLICATION

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)).

"Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

### B. Application

#### 1. Reserve amounts

Church Mutual seeks to exclude any evidence of reserve amounts, on the grounds that these are irrelevant and have the potential to mislead the jury. As this court and others have ruled, however, the information is relevant to bad faith claims against an insurer. *See Langley v. Allied Tr. Ins. Co.*, 2022 WL 2818966, at *2 (W.D. La. July 19, 2022); *Krantz v. State Farm Fire & Cas. Co.*, 2016 WL 320148, at *8 (M.D. La. Jan. 25, 2016); *Est. of Christman v. Liberty Mut. Ins. Co.*, 2021 WL 2325330, at *5 (M.D. La. June 7, 2021). Without the context of plaintiff's foundation for this evidence, the court cannot determine whether it is unfairly prejudicial or potentially misleading for the jury. Accordingly, the motion is **DENIED** in this regard.

### 2. Golden Rule and Conscience of the Community

Church Mutual next requests that the court exclude any "Golden Rule" or "Conscience of the Community" type arguments on the issue of damages. In response plaintiff states that it has no intention of making such arguments. Therefore no ruling is necessary and the motion is **denied** in this regard, with the understanding that the parties recognize the proper limits of their arguments.

### 3. Post-suit tenders

Church Mutual also asks that the court exclude post-suit tenders as evidence of bad faith, arguing that its post-litigation conduct is irrelevant because there is no allegation of post-suit bad faith. The complaint indicates, however, that Church Mutual received satisfactory proof of loss before suit was filed and has yet to pay the undisputed amount owed. Doc. 1. As long as this amount remained unpaid, plaintiff is not required to amend its complaint to recover based on an ongoing failure to pay through the trial date. To the extent any post-suit tender constitutes recognition that that amount had been satisfactorily proven at some prior date and was owed by Church Mutual, it is potentially relevant to the issue of Church Mutual's bad faith in handling the claim. Accordingly, the motion is **denied** in this regard subject to plaintiff's ability to lay a proper foundation.

### 4. Punitive damages

Church Mutual next asks that the court forbid any argument asking that the jury "awarding punitive damages to punish" Church Mutual. This argument is nonsensical; plaintiff is seeking damages under two Louisiana statutes that permit punitive damages based on an insurer's bad faith conduct. To the extent Church Mutual is seeking to prohibit

any conscience of the community arguments, plaintiff has already indicated that it will not make such argument. Accordingly, the motion is **denied** in this regard.

### III.
### CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion in Limine [doc. 41] be **DENIED.**

**THUS DONE AND SIGNED** in Chambers on the 7th day of September, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE