UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

TEMPLE BAPTIST CHURCH OF
DEQUINCY LOUISIANA

CASE NO.  2:21-CV-03137

VERSUS

JUDGE JAMES D. CAIN, JR.

CHURCH MUTUAL INSURANCE CO

MAGISTRATE JUDGE KAY

## MEMORANDUM ORDER

Before the court is a *Daubert* Motion to Exclude or Limit Expert Opinion Evidence from Jeffrey Major, Stevephen Lott, and Louis Fey, filed by defendant Church Mutual Insurance Company. Doc. 42. Plaintiff opposes the motion. Doc. 47.

### I.
### BACKGROUND

This suit arises from damage to plaintiff, a church in DeQuincy, Louisiana, in Hurricanes Laura and Delta. At all relevant times the church was insured under a policy issued by Church Mutual. Plaintiff alleges that Church Mutual failed to timely or adequately compensate it for covered losses, and brought suit in this court raising claims of breach of insurance contract and bad faith. The matter is set for jury trial before the undersigned on September 18, 2023. Doc. 38.

Church Mutual now asks the court to exclude or limit the opinion testimony of three of plaintiff's experts: Jeffrey Major, Stevephen Lott, and Louis Fey. Specifically, it objects to plaintiff using public adjusters Major and Lott and insurance industry expert Louis Fey

to offer any opinions on causation or engineering because they are not licensed as engineers. Doc. 42. Plaintiff opposes the motion as to Major and Lott and points out that Fey has offered no such opinions. Doc. 47. The court thus regards the motion as moot with regards to Fey and only considers Church Mutual's arguments as to Major and Lott.

**II.**
**LAW & APPLICATION**

**A. Legal Standard**

The trial court serves as gatekeeper in determining the admissibility of expert testimony, by making an initial determination of whether the expert's opinion is relevant and reliable. *See Daubert*, 509 U.S. at 589. This gatekeeping function extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Accordingly, Federal Rule of Evidence 702 provides that the court must consider the following three requirements on challenges to experts: 1) qualifications of the expert witness; 2) relevance of the proposed testimony; and 3) reliability of the principles and methodology on which the testimony is based.[1] The proponent of the expert testimony bears the burden of proving its admissibility, by a preponderance of the evidence. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

The trial court has broad latitude in determining the admissibility of expert testimony. *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Rejection of

---

[1] The *Daubert* Court identified several additional factors for assessing whether the expert's methodology is valid and reliable, including whether the expert's theory had been tested and subjected to peer review, the known or potential error rate for the expert's theory or technique, the existence and maintenance of standards and controls, and the degree to which the technique or theory has been generally accepted in the scientific community. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 275 (5th Cir. 1998). However, the same standards cannot be applied to all possible fields of expertise. Accordingly, the *Daubert* analysis is necessarily flexible and fact-specific. *Kumho*, 526 U.S. at 150.

expert testimony is the exception rather than the rule, and the court's role as gatekeeper "does not replace the traditional adversary system and the place of the jury within the system." *Johnson v. Samsung Electronics Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011); *Scordill v. Louisville Ladder Grp., LLC*, 2003 WL 22427981, at *3 (E.D. La. Oct. 24, 2003). Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Scordill*, 2003 WL 22427981 at *3 (quoting *Daubert*, 509 U.S. at 596).

## B. Application

Jeffrey Major is a licensed public adjuster with several years of experiencing estimating property claims, particularly after hurricanes and other natural disasters. His report includes opinions on the damages to the insured property and Church Mutual's handling of the claim, based on his review of documents and inspection. *See* doc. 50, pp. 1–33. Lott is also a licensed public adjuster with over eighteen years of experience, especially for catastrophic events. Doc. 47, att. 1, pp. 1–25. He likewise prepared a report and estimate on damage to the insured property, based on inspections. *Id.*

Both reports necessarily touch on structural damage to the property and causation. Church Mutual asserts that neither witness is qualified to opine on these issues because they are not engineers and because their inspections cannot withstand *Daubert*'s standards of reliability. As for causation, the court disagrees and finds no issue with a public adjuster opining on the matter. *See, e.g.*, *Patton v. Met. Lloyds Ins. Co. of Tex.*, 2022 WL 2898946, at *3–*4 (N.D. Tex. Feb. 14, 2022) (collecting cases on adjusters' qualifications to testify

to causation in insurance claim disputes). As for structural damage, the motion is too divorced from context for the court to limit the experts' testimony. The experts may certainly opine, within the scope of their training and experience, on the need for replacement or repair to certain areas of the premises and the connection between the damage observed and the hurricanes. The reports do not offer any engineering opinions, however, and to the extent either expert ventures into that territory it can be addressed at trial. Accordingly, Church Mutual fails to show a basis for exclusion or limitation of the testimony.

## III.
### CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the *Daubert* motion [doc. 42] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 7th day of September, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE